## EL PUEBLO *v.* LIZARDI.

APELACIÓN procedente de la Corte de Distrito de Humacao.

No. 1.—Resuelto en Mayo 18, 1904.

APELACIÓN—PRUEBAS.—Declaraciones testificales prestadas fuera de los trámites regulares y ordinarios de un proceso criminal no pueden tener eficacia legal á los efectos de un recurso de apelación.

ABUSO DE CONFIANZA—PENA.—La pena impuesta á los reos de abuso de confianza es la misma que determina el Código para la sustracción de bienes del valor de la cosa apropiada.

ID.—ACUSACIÓN.—Cuando se cometiere el delito de abuso de confianza en relación con animales pertenecientes á las especies de ganado caballar, vacuno ó asnal, no es necesario alegar en la acusación el valor del mismo, pues cualquiera que fuere éste, el delito ha de calificarse de *felony*.

ID.—PRUEBAS.—En una causa por abuso de confianza la defensa tiene derecho á preguntar á un testigo si la persona directamente perjudicada por la comisión del delito *le había hecho manifestaciones tendentes á indicar que la cosa ú objeto que se alega haberse apropiado el acusado, le había sido vendida por aquella,* y la denegación de tal prueba, por impertinente, constituye indefensión.

SENTENCIA—ACUSADO.—En los autos de una causa deberá hacerse constar que el Tribunal ha dado cumplimiento á las disposiciones del artículo 318 del Código de Enjuiciamiento Criminal, haciendo al acusado las advertencias á que el mismo se refiere, y el incumplimiento de tales disposiciones constituye indefensión.

Los hechos están expresados en la opinión.

Abogado del apelante: *Sr. Ramos (Juan R.)*.

Abogado del apelado: *Sr. del Toro, Fiscal.*

EL JUEZ ASOCIADO SR. HERNÁNDEZ emitió la siguiente opinión del Tribunal.

El presente es un recurso de apelación interpuesto por Manuel Lizardi contra sentencia del Tribunal de Distrito de Humacao que le condenó como culpable del delito de abuso de confianza á la pena de 3 años de presidio.

Dicho Manuel Lizardi fué acusado en 27 de Junio del año próximo pasado por el Fiscal del Distrito de Humacao como culpable del delito de abuso de confianza, como sigue:

"El citado Manuel Lizardi que tenia en su poder 27 cabezas de ganado que habia recibido de Don Manuel Seoane San Martin para su cuido mediante un canon, y las que se encontraban en una finca que tenia arrendada á D. J. M. Ubarri, la que radica en Juncos que forma parte del Distrito arriba citado, dispuso de dicho ganado entregándolo como de su propiedad al Sr. Ubarri. Este hecho es contrario á la ley para tal caso prevista y á la paz y dignidad del Pueblo de Puerto Rico.

Negó la acusación Manuel Lizardi y renunció á ser juzgado por jurado, por lo que en 23 de Setiembre último se celebró el juicio ante el Tribunal de Distrito de Humacao,

habiendo declarado como testigo de cargo Manuel Seoane, Manuel Fernández Juncos, Benigno López Gonzalez, Luis Agrinsonis y Manuel Portela y como testigo de la defensa, Ramón Rodriguez, quien manifestó que habia acompañado á Seoane en un viaje de la Carolina á Rio Piedras, y como el Letrado de la defensa hiciera al testigo la siguiente pregunta: "diga si es cierto que Seoane le manifestó al acompañarle de la Carolina á Río Piedras el 22 de Abril último ó sea en Abril de 1903 que iba á cobrarle á Don Manuel Lizardi un gañado que le habia vendido," el Fiscal se opuso á tal pregunta, la que el Tribunal desestimó por impertinente si bien á solicitud del Ministerio Fiscal se consignó que el testigo expresó que conocía del hecho por referencia solamente, habiendo el Letrado de la defensa protestado contra la resolución del Tribunal y procedióse á la práctica de la prueba documental.

Terminadas las pruebas el Fiscal solicitó un veredicto de culpabilidad y el Letrado del reo interesó su absolución, después de lo cual se consignó en el acta del juicio que el Tribunal por unanimidad declaró culpable al acusado del delito de abuso de confianza de que le acusa el Ministerio Fiscal y le impuso la pena de tres años de presidio con arreglo á los articulos 445, 455, 423 y 430 del Código Penal.

Contra esa sentencia interpuso la representación de Manuel Lizardi recurso de apelación, alegando como motivos que no se habia dado cumplimiento al artículo 318 del Código de Enjunciamiento Criminal, pues el Tribunal después de terminado el juicio seguidamente pronunció sentencia condenatoria sin haber antes informado al acusado de la naturaleza del cargo que se le hacía y de las alegaciones hechas por su defensa, como tampoco se le preguntó si tenía alguna causa legal para demostrar que no procedía dictar sentencia contra él, no habiéndosele admitido la protesta que con tal motivo formuló por haber estimado el Tribunal que estando terminado el juicio no había lugar á tomar la

excepción solicitada adoleciendo además la acusación según agregó el apelante del defecto de no expresarse en ella la cuantía del abuso de confianza cometido, ó sea que el valor de la cosa sustraida ascendía á más de 50 dollars, requisito necesario para que el delito pudiera calificarse de muy grave ó de felony.

Admitida la apelación fueron elevadas á esta Corte Suprema las copias prevenidas por la ley y se tramitó el recurso en la forma correspondiente, fundándolo la representación del apelante en la excepción ya tomada en el acto del juicio de haberse rechazado por impertinente la pregunta hecha al testigo Ramón Rodriguez tendente á justificar la naturaleza del contrato habido entre denunciante y denunciado, y en la infracción manifiesta del artículo 518 en relación con el 320 del Código Penal, cuya infracción fué alegada en el escrito interponiendo el recurso, sin que pueda oponerse que sobre el particular no se tomó excepción en el acta del juicio, pues en ella consta que inmediatamente después de la declaración de culpable, se impuso al acusado la pena de 3 años de presidio, por todo lo cual pide el abogado del acusado se anúle el juicio y se ordene la celebración de otro nuevo, acompañando en apoyo de su pretensión testimonio de las declaraciones de varios testigos prestadas después del juicio ante el Juzgado de Paz de Río Piedras, de las que resulta comprobado en su sentir el contrato de aparcería primero y el de compraventa después, del ganado de que se trata, celebrados ambos contratos entre Seoane y Lizardi.

Examinados los fundamentos del recurso, teniendo para ello en cuenta los méritos que arroja el record enviado por el Tribunal Sentenciador, pues el testimonio de varias declaraciones prestadas ante el Juez de Paz de Río Piedras no puede tener eficacia legal á los efectos del recurso por ser extraño al proceso, desde luego cabe afirmar que la acusación del Fiscal de Distrito de Humacao no adolece del defecto que se le atribuye, consistente en no expresarse la cuantía ó

valor del ganado, pues el artículo 455 del Código Penal pre-
ceptúa que todo reo de abuso de confianza será castigado en
la forma prescrita para la sustracción de bienes del valor de
la cosa apropiada, y el 428 del mismo Código estatuye en su
número 3 que el hurto será de mayor cuantía cuando la propie-
dad sustraida pertenece á la especie caballar, vacuna ó asnal,
siendo por tanto indiferente que el ganado tenga mayor ó
menor valor.

En cuanto•á la pregunta que el abogado de Manuel Lizar-
di pretendió fuera contestada por el testigo Ramón Rodrí-
guez, y que el Tribunal desestimó por impertinente, no mere-
cía semejante calificación, pues tendía á demostrar que el
ganado había sido vendido por su propio dueño Manuel
Seoane á Lizardi, según manifestación hecha por Seoane á
dicho testigo, y por tanto á comprobar la inculpabilidad del
acusado, á quien en su consecuencia le fué denegado un medio
legítimo de defensa, sea cual fuere la apreciación que hiciera
el Tribunal del resultado de dicha prueba.

No se ha presentado pliego de excepciones que demues-
tre que el Tribunal sentenciador dejó de cumplir el precepto
del artículo 318 del Código de Enjuiciamiento Criminal; pero
como en el acta del juicio se consigna que terminadas las
pruebas el Fiscal solicitó del Tribunal un veredicto de cul-
pabilidad y el Letrado del acusado la absolución de éste, ha-
biendo declarado el Tribunal culpable al acusado del delito
de abuso de confianza que le imputaba el Ministerio Fiscal, im-
poniéndole la pena de 3 años de presidio, sin que se haga la
más ligera indicación de que se diera cumplimiento á las
prevenciones que contiene el artículo 518 del Código de En-
juiciamiento Criminal, lógico es presumir que á dicho artí-
culo no se dió aplicación pues si la hubiera tenido se hubiera
hecho constar en acta, y los términos en que ésta aparece re-
dactada mas bien revelan el incumplimiento del artículo ci-
tado privándose con ello al acusado de un medio importante
de defensa.

Por las razones expuestas somos de opinión que debe revocarse la sentencia apelada que dictó el Tribunal de Distrito de Humacao en 23 de Setiembre del año próximo pasado, debiendo dicho Tribunal celebrar un nuevo juicio ó dictar cualquier otra resolución que autorice la ley, con las costas del recurso de oficio.

*Resuelto de conformidad.*

Jueces concurrentes, Sres. Presidente, Quiñones, y Asociados, Figueras, Sulzbacher y MacLeary.  •●